**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TONY GOODRUM,

               Petitioner-Appellant,

  v.

CYNTHIA Y. TAMPKINS, Warden,

               Respondent-Appellee.

No.   19-56239

D.C. No.
3:11-cv-02262-AJB-LL

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted March 9, 2022
Pasadena, California

Before:  BERZON, TALLMAN, and FRIEDLAND, Circuit Judges.

Tony Goodrum appeals the district court's denial of his habeas corpus

petition, in which he alleges that the State of California committed a *Napue*

violation by knowingly presenting false testimony from a witness during

Goodrum's trial or, alternatively, by making false statements during a pre-trial

hearing.  *See Napue v. Illinois*, 360 U.S. 264, 269 (1959) ("[A] conviction obtained

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment.").  Goodrum also appeals the district court's decision to deny him an evidentiary hearing on his habeas petition.  "We review de novo a district court's order to grant or deny a petition for writ of habeas corpus."  *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc).  As the State concedes, because the California Court of Appeal applied "a stricter standard than is permissible in the case of *Napue* error," we do not review with the deference contemplated by 28 U.S.C. § 2254(d) and instead consider the *Napue* claim de novo.  *Dow v. Virga*, 729 F.3d 1041, 1049 (9th Cir. 2013).[1]  We review the district court's decision to deny an evidentiary hearing for abuse of discretion.  *Earp v. Ornoski*, 431 F.3d 1158, 1166 (9th Cir. 2005) (citing *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).  We affirm.

1.  "A claim under *Napue* will succeed when '(1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) the false testimony was material.'"  *Jackson v. Brown*, 513 F.3d 1057, 1071-72 (9th Cir. 2008) (quoting *Hayes v.*

_____

[1] The California Supreme Court summarily denied Goodrum's petition.  Thus, "we must 'look through' that unexplained decision to the last state court to have provided a 'reasoned' decision."  *Castellanos v. Small*, 766 F.3d 1137, 1145 (9th Cir. 2014) (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 806 (1991)).  The California Court of Appeal was the last state court to issue a reasoned decision on Goodrum's petition.

*Brown*, 399 F.3d 972, 984 (9th Cir. 2005) (en banc)).  The burden is on the petitioner to show that these three factors are satisfied.  *See United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003).

Goodrum is not entitled to habeas relief on the basis of Howard Herring's purportedly false trial testimony regarding whether the victim was holding a pipe at the time of the shooting, because Goodrum has not shown that that testimony was material.  The test of materiality for a *Napue* violation is whether there is "any reasonable likelihood that the false testimony could have affected the judgment of the jury."  *Hayes*, 399 F.3d at 984 (quoting *United States v. Bagley*, 473 U.S. 667, 678 (1985)).  In this case, the State presented medical and forensic evidence that showed that the victim would have no longer been a threat by the time Goodrum fired the second shot.  Even assuming that Herring's trial testimony was false and that he did see the victim holding a pipe during the shooting, Goodrum cannot show, in light of the trial record, that there is a reasonable likelihood the jury could have found Goodrum was acting in self-defense when he shot the victim a second time.

Goodrum also cannot succeed on his *Napue* claim based on allegedly false statements the State made during a pre-trial hearing.  Even if Goodrum could show the State made knowingly false statements about Herring's whereabouts at that hearing, those statements would not have been material.  The hearing was

3

conducted outside the presence of the jury—indeed, the jury had not even been selected yet. Goodrum has put forward no theory for why the prosecutor's purportedly false statements "undermine[] our confidence in the verdict." *Id.* at 988. Because there is no reasonable likelihood that any false statements made at the preliminary hearing affected the verdict, no *Napue* violation occurred at that hearing.

2. The district court did not abuse its discretion in declining to afford Goodrum an evidentiary hearing. We have held that a petitioner is not entitled to an evidentiary hearing "[i]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Hibbler v. Benedetti*, 693 F.3d 1140, 1147 (9th Cir. 2012) (alteration in original) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)). Because we hold, in light of the trial record, that Goodrum cannot succeed on his *Napue* claim—given that any purportedly false testimony elicited or false statements made by the State were not material to Goodrum's conviction—an evidentiary hearing in this case would be "nothing more than a futile exercise." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998).[2]

---

[2] Because Goodrum asked for, but never received, an evidentiary hearing from the state court that reviewed his habeas petition, he did not "fail[] to develop the factual basis of [his] claim," 28 U.S.C. § 2254(e)(2), and we do not base our decision on any such failure. *See Hurles v. Ryan*, 752 F.3d 768, 791 (9th Cir. 2014) ("A petitioner who has previously sought and been denied an evidentiary hearing has not failed to develop the factual basis of his claim.").

4

**AFFIRMED.**